995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William BOYD, Defendant-Appellant.
 No. 92-5904.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 William Boyd, a federal prisoner, appeals a district court's judgment following his guilty plea to one count of possessing with intent to distribute and distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Boyd was charged in a three-count superseding indictment with possessing with intent to distribute and distributing crack cocaine. On April 30, 1992, Boyd entered into a plea agreement in which he agreed to plead guilty to count 3. The government agreed to recommend dismissal of counts 1 and 2, to recommend a 2-level decrease for acceptance of responsibility, and to not use against Boyd any self-incriminating information given in cooperation with the investigation. The district court accepted Boyd's guilty plea on May 11, 1992, pending preparation of the presentence investigation report, and sentenced him on July 6, 1992, to 189 months imprisonment and 6 years supervised release. This sentence was based upon a total offense level of 30 and a criminal history category of VI, with a sentencing range of 168-210 months. The total offense level reflected Boyd's status as a career criminal pursuant to U.S.S.G. § 4B1.1 and a 2-level reduction for acceptance of responsibility.
 
 
 4
 Boyd's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his brief, counsel presents two issues: (1) whether the plea proceeding was conducted according to the Constitution and Fed.R.Crim.P. 11, and (2) whether the defendant was properly sentenced within the guidelines. Although Boyd was given 21 days from the service date of counsel's brief to file a supplemental brief, none has been received for filing.
 
 
 5
 Upon review, counsel is permitted to withdraw because Boyd's appeal is without merit. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable issues for appeal. We affirm the district court's judgment because that court did not err in either accepting Boyd's guilty plea or imposing sentence.
 
 
 6
 A review of the plea proceeding transcript shows that Boyd's plea was knowing and voluntary as determined by the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969). Furthermore, the district court complied with the requirements of Rule 11 in accepting Boyd's plea.
 
 
 7
 Boyd's appeal of his sentence is meritless for two reasons. First, his sole objection at sentencing was sustained by the district court and, as a result, Boyd was granted a 2-level reduction for acceptance of responsibility. Because he made no other objection, Boyd has waived his right to appeal other aspects of his sentence. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 8
 Second, Boyd is precluded from appealing his sentence because it is within the applicable guideline range, is not in violation of law, and is not the result of an incorrect application of the guidelines. See 18 U.S.C. § 3742; United States v. Sawyers, 902 F.2d 1217, 1221 n. 5 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991).
 
 
 9
 Accordingly, we grant counsel's motion to withdraw. The district court's judgment, entered July 9, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation